UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CHRISTOPHER JIMENEZ MOLINA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO ALBARRAN,<br><br>Defendant. | Case No.  25-cv-08427-TLT<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>Re: Dkt. No. 1 |

On October 2, 2025, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that he was detained without a notice or hearing in violation of his Due Process rights under the Fifth Amendment.  ECF 1.  On October 20, 2025, Petitioner subsequently sought preliminary injunctive relief requesting his release from detention, an order enjoining the government from re-arresting Petitioner until he is afforded a hearing before a neutral decisionmaker, and prohibiting the government from transferring Petitioner out of the United States before his requested hearing.  ECF 7.  The Court granted Petitioner's request on the same day.  ECF 10.  One week later, Petitioner filed an amended petition for writ of habeas corpus.  ECF 17.  After full briefing on Petitioner's request for a further preliminary injunction, the Court granted Petitioner's preliminary injunction request on December 22, 2025.  ECF 28.

Now, Petitioner asks the Court to grant Petitioner's habeas petition.  ECF 33.  Both parties acknowledge that the arguments are the same, and the law has not changed since the Court's ruling on the preliminary injunction motion.  ECF 32 at 3 ("Respondents acknowledge that the reasoning in this Court's earlier decision in this case would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."); *see*

*also* ECF 33 ("Petitioner respectfully requests that this Court adhere to its previous determination about the merits of this case."). Because the facts, and the law remain unchanged, the Court has not reason to deviate from its previous ruling.

While Petitioner's detention may be warranted for a 90-day period in the event Petitioner becomes subject to a final removal order, such a circumstance is not presently before the Court. *See* 8 U.S.C. § 1231(a)(2)(A). Accordingly, Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must show by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *Jaraba Oliveros v. Kaiser*, No. 25-cv-07117, 2026 WL 1162724, at *6 (N.D. Cal. Apr. 29, 2026).

The Court orders that the Petition be **GRANTED.** Respondents, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them, are hereby **ENJOINED** and **RESTRAINED** from re-arresting and re-detaining Petitioner or removing Petitioner from the United States without notice and a pre-deprivation hearing before a neutral decisionmaker.

If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and a pre-detention hearing during which a neutral decisionmaker must consider whether Petitioner is either a danger to the community or flight risk such that her physical custody is required.

This Order resolves ECF 17.

The hearing set for July 28, 2026 is hereby **VACATED**.

The Clerk of Court shall terminate this case.

IT IS SO ORDERED.

Dated: July 23, 2026

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

2